PER CURIAM.
| denied. The application was not timely filed in the district court, and relator fails to carry his burden to show that an exception applies. La.C.Cr.P. art. 930.8; State ex rel. Glover v. State, 93-2330 (La.9/5/95), 660 So.2d 1189. We attach hereto and make a part hereof the District Court’s written reasons denying relator’s application.
Relator has now fully litigated his application for posi-conviction relief in state court. Similar to federal habeas relief, see 28 U.S.C. § 2244, Louisiana post-conviction procedure envisions the filing of a second or successive application only under the narrow circumstances provided in *636 La.C.Cr.P. art. 930.4 and within the limitations period as set out in La.C.Cr.P. art. 930.8. Notably, the Legislature in 2013 La. Acts 251 amended that article to make the procedural bars against successive filings mandatory. Relator’s claims have now been fully litigated in accord with La.C.Cr.P. art. 930.6, and this denial is final. Hereafter, unless he can show that one of the narrow exceptions authorizing the filing of a successive application applies, relator has exhausted his right to state collateral review. The District Court is ordered to record a minute entry consistent with this per curiam.

JL

ATTACHMENT
STATE OF LOUISIANA v. TIMOTHY JAMES GUIDRY.
No. 90-116,145.
16th JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN
STATE OF LOUISIANA
Oct. 20, 2014.
REASONS FOR JUDGMENT ON APPLICATION FOR POST CONVICTION RELIEF
The Petitioner in this matter, Timothy James Guidry, filed an Application for Post Conviction Relief on July 17, 2014. The Court now responds to that application in this Reasons for Judgment.
Petitioner was indicted on May 9, 1990, with eight counts of Aggravated Rape (La. R.S. 14:42), the victim being his eight-year-old daughter. A jury trial was held, and Petitioner was convicted on February 28, 1991, of one count of Aggravated Rape.
After his conviction, but prior to sentencing, Petitioner filed a Motion for New Trial on the grounds that his wife, Mrs. Guidry, told him that the victim, their daughter, had asserted that she lied about Petitioner raping her and wanted to recant her testimony. In response to this motion, the State asked the trial court to appoint Dr. James Blackburn, a psychiatrist, to examine the victim. The trial court ordered Mrs. Guidry to bring the victim to Dr. Blackburn for a psychological examination. However, for various reasons, Mrs. Guidry refused. In fact, Mrs. Guidry was held in contempt of court twice for her refusal to bring the victim for an examination by Dr. Blackburn. The trial court then rescinded its order for a psychological examination of the victim by Dr. Blackburn and scheduled the Motion for New Trial for hearing.
A hearing on Petitioner’s Motion for New Trial was held before the trial court on October 7, 1992 and October 20, 1992. After hearing testimony and argument from Petitioner and the State, the court denied the motion for new trial, giving detailed reasons for its decision.
On December 21, 1992, the trial court sentenced Petitioner to life imprisonment at hard labor, without benefit of parole, probation, or suspension of sentence.
Petitioner appealed his conviction and sentence to the Third Circuit Court of Appeals, which affirmed his conviction and sentence on December 7, 1994. In Petitioner’s first assignment of error, he asserted that the trial court erred in admitting his confession into evidence. The Third Circuit found that the record fully supported the trial court’s denial of Petitioner’s motion to suppress his confession, and there was no reason to overturn that determination. In Petitioner’s second assignment of error, he asserted that the jury charge on the question of reasonable doubt was ^incorrect. The Third Circuit found that Petitioner did not object in the *637 trial court to the jury charge, precluding review óf this assignment by the appellate court. In Petitioner’s third assignment of error, he asserted that (1) the trial -court erred when it allowed Terry Anseman, a psychometrist, to testify as an expert in the field of counseling abused children, and (2) that Anseman’s testimony unduly bolstered the testimony of the child victim. The Third Circuit found that (1) the trial court did not abuse its discretion in allowing Anseman to testify as ah expert, and (2) since Petitioner had failed to object to Anseman’s' testimony on any ground after the trial court accepted her as an expert, this additional aspect of Petitioner’s argument was not properly before the appellate court. In Petitioner’s fourth assignment of error, he asserted that the trial court erred in denying his motion for a new trial, which Petitioner had filed based on the victim’s alleged recantation of her testimony. The Third Circuit found that the trial court did not abuse its discretion in denying the motion for a new trial, as the trial court had conscientiously observed the victim’s testimony and carefully weighed all of the evidence. In Petitioner’s fifth assignment of error, he asserted that the evidence was insufficient for a jury to find him guilty of aggravated rape. The Third Circuit found that the evidence, viewed in a light most favorable to the prosecution, was sufficient for a rational trier of fact to conclude, beyond a reasonable doubt, that Petitioner committed the aggravated rape of the victim. The Third Circuit further found, after a complete examination of the record, that there were no errors patent.
Petitioner filed an Application for Post Conviction Relief -in December of 1997, alleging ineffective assistance of counsel. The trial court denied this application on January 9, 1998. The Third Circuit and Louisiana Supreme Court denied Petitioner’s applications for writs on May 14, 1998 and Mayl4; 1999, respectively.
Petitioner again filed an Application for Post Conviction Relief on April 29,1999, in which he claimed that the manner in which the grand jury foreperson was selected was unconstitutional, a violation of Petitioner’s right to equal protection, and racial' discrimination. Petitioner also alleged ineffective assistance of counsel on the basis that his trial counsel failed to object to the selection of the grand jury foreperson. This application was denied by the trial court on July 28,1999, on the grounds that the application was untimely pursuant to La.C.Cr.P. art. 930.8.
Petitioner next filed a 28 U.S.C. § 2254 habeas corpus petition in federal court, attacking his 1991 conviction and sentence. On June 13, 2000, U.S. Magistrate Judge Mildred E. Methvin recommended the dismissal of the petition as time-barred by the provisions of 28 U.S.C. § 2244(d).' Petitioner objected to this recommendation. On July 7, 2000, U.S. District Judge Rebecca F. IsDoherty, for the Western District of Lafayette, adopted the Report and Recommendation - of Judge Methvin, and entered a judgment of dismissal. Petitioner’s motion for 'a Certificate of Appealability (COA) with the trial court was denied on August 4, 2000,' and his motion for a COA was denied by the U.S. Fifth Circuit Court of Appeals on October 2, 2000. The U.S. Supreme Court denied Petitioner’s application-for certiorari op March 5, 2001.
On July 30," 2003,- Petitioner filed a motion -with -the trial court seeking the production of audio and video tapes of interviews with the victim, as well as psychiatric examination reports.- The trial court denied the motion for production. The Third Circuit- Court of Appeals denied Petitioner’s application for supervisory writs on October 2, 2003.
*638 Petitioner again requested audio and video tapes of interviews with the victim on October 3, 2003. The Clerk of Court provided Petitioner with the psychiatric report and trial transcript of. the victim’s testimony. Petitioner was not satisfied with the production of these, documents, and applied for writs with the Third Circuit Court of Appeal. Petitioner’s writ application was denied by the Third Circuit on March 29, 2004, based on Petitioner’s failure to show a particularized need for such items. The Louisiana Supreme Court denied Petitioner’s application for writs of certiorari on April 1,2005.
On January 18, 2007, Petitioner filed a Petition for a Writ of Mandamus with the trial court, again seeking the production of audio and video tapes of interviews with the victim. In response to this petition, the State filed a Peremptory Exception of No Right of Action and Failure to Join Indispensable Party. A hearing was held before the trial court on May 31, 2007. A Judgment was signed on June 27, 2007, granting the State’s exception of no right of action and dismissing Petitioner’s claims, The Third Circuit affirmed the trial .court’s decision on November 26, 2008. The Louisiana Supreme Court denied Petitioner’s application for writ of cer-tiorari on October 30, 2009.
' On March 7, 2013, Petitioner filed a Motion for Relief from Judgment pursuant to F.R.C.P. Rule 60(b), seeking to vacate the July 7, 2000 judgment’of-the U.S. District Court, Western District of Lafayette, wherein the court dismissed his petition for habeas corpus with prejudice as time-barred. Petitioner argued that he was entitled to habeas corpus relief because he received ineffective assistance of trial counsel and had been prohibited by the state court from raising such 'a claim on direct appeal. On June 6, 2013, U.S. District • Judge Rebecca F. Doherty adopted the report and recommendation of U.S. Magistrate Judge Patrick J. Hanna, finding that the instant Rule 60(b) Lmotion was a successive petition for habeas corpus and denying it for lack of jurisdiction. In the alternative, the motion was denied as untimely and without a basis in fact or law.
Petitioner next filed with the trial court on May 23, 2014, a Petition for Declaratory Judgment and Injunctive Relief. Petitioner’s petition focused on the procedural bar to applications for post-conviction relief found in La.C.Cr,P. 930.8, which limits a defendant to filing an application for post-conviction relief within the two years after his conviction and sentence become final. Petitioner argued that the application of this, time limitation to applications for post-conviction relief is discriminatory under the Equal Protection Clause because defendants sentenced to the death penalty are not subject to such time limitations when applying for post-conviction relief, while all other defendants, including those sentenced to life in prison, are subject to a two-year time limitation. This application of a different time period is thus a violation of the Equal Protection Clause. Petitioner asked that the court be enjoined from applying the procedural bar of 930.8 to his proposed post-conviction relief. A hearing on Petitioner’s Petition for Declaratory Judgment and Injunctive Relief was held on June 2, 2014. Petitioner was represented at this hearing by an attorney with the-Public Defenders Office. After hearing arguments from the State and Petitioner, the trial court denied the petition.
Petitioner has now filed a new Application for Post-Conviction Relief, in which he makes the following claims:
(1) The accumulation of non-harmless errors created by the tainted trial tribunal and the evidence in support clearly show no crime was committed. Thus, *639 revealing that Petitioner is actually innocent, and his conviction was obtained in violation of the 6th and 14th Amendments of the U.S. Constitution and Article 1. §§ 2, 9,16, and 23 of the Louisiana Constitution.
In support of this claim, Petitioner asserts that after trial -but before sentencing, the alleged victim recanted her testimony, and that there is medical and psychiatric evidence to support this recantation of testimony that was not presented at trial.
(2) A miscarriage of justice was created by non-harmless errors as a result of Petitioner’s tainted trial tribunal. Thus, ■conviction was obtained in violation of the 6th and 14th Amendments of the U.S. Constitution and Article 1 §§■ 2, 9, 16, and 23 of the-Louisiana Constitution.
In support of this claim, Petitioner asserts that the prosecuting attorney, trial judge, and indigent attorney engaged in unethical conduct so grave as to violate Petitioner’s constitutional right to a fair trial.
(3) The prosecutor withheld exculpatory evidence that the State’s alleged victim was lying on the stand at trial. Petitioner’s conviction was obtained by the unconstitutional failure of the prosecution to disclose to Petitioner evidence favorable to Petitioner. Thus, the conviction was obtained in violation of the 6th and 14th Amendments of the U.S. Constitution and Article 1 §§ 2, 9, 16, and 23 of the Louisiana Constitution.
In support of this claim, Petitioner refers to the testimony presented at the hearing on Petitioner’s Motion for New Trial, ,
h(4) Petitioner was denied effective assistance of counsel. His counsel did not function as the “counsel” guaranteed by the 6th Amendment of the U.S. Constitution. Thus, the conviction was obtained in violation of the 6th and 14th Amendments of the U.S, Constitution and Article 1 §§ 2, 9, 16, and 23 of the Louisiana Constitution.
In support of this claim, Petitioner asserts that his trial counsel was ineffective for the following reasons:
(a) Failure, to object to the unconstitutionality of the manner of grand jury foreperson selection;
(b) Failure to properly prepare a defense to the alleged confession at the hearing on the Motion to Suppress as to,the conditions of interrogation;
(c) Failure to institute and utilize the defense of an OB/GYN examination of the victim from an outside source not in association with the Court in order to prove the insufficiency of the evidence; if counsel had, there would not have been a trial; ■
(d) Failure to object to- Terry Anse-man as an expert on any ground after the trial court accepted her as an expert; ' -
(e) Failure to object to the jury charge on the question of reasonable doubt as incorrect; 1
(f) Counsel used Terry Anseman and the jury charge as claims on diréct appeal knowing that he did not object to them" at the time of the occurrence;
(g) Failure to brief the recantation of testimony on appeal;
(h) Failure to brief Dr. Kennedy’s medical examination on appeal, resulting in the abandonment of this claim; and
(i) Counsel falsified facts in Petitioner’s direct appeal.
La.C.Cr.P. Art. 930.8 provides, “No application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed *640 more than two years after the judgment of conviction and sentence has become final under the provisions of Article 914 or 922.... ” The article lists four exceptions to this two-year time limitation, none of which apply in this case. Pursuant to La.C.Cr.P. art. 914 and 922, Petitioner’s conviction and sentence became final fourteen days after the Third Circuit Court of Appeal affirmed the conviction and sentence. The Third Circuit’s decision was rendered on December 7,1994. Petitioner had three years beginning December 21, 1994 (pursuant to La. CCr.P. art.' 930.8 in effect at the timé of Petitioner’s sentencing) to file ah application for post-conviction relief. This ■ current application is therefore approximately sixteen and half years too late.
Furthermore, ,La.C.Cr.P. 930.4(A) provides that “any claim for relief which was fully .litigated, in, an appeal from the proceedings leading to the judgment of conviction and sentence shall, not be considered.” In addition, 930.4(D) provides that “[a] successive application shall be dismissed.if it fails to raise a new or different claim.” The claims brought by Petitioner in this application for post-conviction relief have been addressed on multiple occasions by the State trial and appellate courts, as well as, the Federal trial and appellate courts, as outlined above in this Reasons for Judgment. Petitioner has exhausted his remedies.
| ((Petitioner argues in his memorandum in support of his application for post-conviction relief that his claims of actual innocence and miscarriage of justice exempt this application from any procedural bars, such as those found in 930.4 and 930.8. In support of this argument, he cites the cases of Isaac v. Cain, 2013 WL 4649042 (E.D.La.8/29/2013), and McQuiggin v. Perkins, — U.S. -, 133 S.Ct. 1924, 185 L.Ed.2d 1019 (2013).
In Isaac v. Cain, supra, the petitioner filed a second and successive petition for habeas corpus under 28 U.S.C. § 2254, based on newly discovered evidence, specifically that the two key witnesses at his trial had recanted and sworn that the district attorney had pressured them into lying on the stand. The federal court allowed him to file this successive petition pursuant to the Anti-Terrorism and Effective Death Penalty Act of 1996 (“AED-PA”). . .
The [AEDPA] permits, in relevant part, a state .court prisoner to file a second or successive .habeas petition only, if “the factual predicate for the claim could not have been discovered previously through the exercise of due-diligence” and “the facts underlying the claim, if proven and viewed in light, of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.” 28 U.S.C. § 2244(b)(2)(B)(i)-(ii). '
Isaac, at *2.
This court finds that the Isaac decision is distinguishable from Petitioner’s case. First, the AEDPA was applied in Isaac to allow the petitioner to file a .successive habeas corpus petition in federal court. The matter at issue hiere is an application for post-conviction relief filed in the state court, to which state law applies. Second, the fact that the victim in this case allegedly wanted to recant her trial testimony bécame an issue immediately after Petitioner was convicted at trial of aggravated rape. The parties briefed and argued this matter before the trial court prior to Petitioner’s sentencing. The trial court took the matter very seriously and issued detailed oral reasons at the hearing for its *641 decision to deny Petitioner’s Motion for New Trial. The denial of Petitioner’s Motion for New Trial was included in his appeal to the Third Circuit Court of Appeal, which also considered the matter of the victim’s alleged recantation and issued its own reasons for affirming the trial court’s decision. For these reasons, the decision in Isaac v. Cain does not apply to Petitioner’s case.
Petitioner next cites McQuiggin v. Perkins, supra. In that case, the petitioner filed a federal habeas petition based on the claim of ineffective assistance of counsel more than eleven years after he was convicted of first-degree murder. In an attempt to overcome the one-year time limitation provided in the AEDPA, the petitioner argued that he had newly discovered evidence which |7supported his claim of actual innocence. The U.S. Supreme Court held that the petitioner could bring his petition before the District Court despite it being untimely, stating:
We hold that actual innocence, if proved, serves as a gateway through which a petition may pass whether the impediment is a procedural bar, as it was in Schlup and House, or,- as in this case, expiration of the statute of limitations. We caution, however, that tenable actual-innocence gateway pleas are rare: “[A] petitioner does not meet the threshold requirement unless he persuades the district court that, in -light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.” Schlup, 513 U.S., at 538, 126 S.Ct. 2064.
McQuiggin, 133 S.Ct. at 1928.
This court finds that the Supreme Court’s decision in McQuiggin is also distinguishable from this case. Again, the court in McQuiggin was considering the application of the time limitation of AED-PA, a federal statute, to the filing of a federal habeas petition in federal court. Petitioner in this case has filed an application for post-conviction relief in state court as provided by state law. Furthermore, Petitioner’s claim of actual innocence based on the victim’s alleged recantation of her testimony was considered by this trial court immediately after Petitioner’s conviction and prior to his sentencing. The Third Circuit considered the issue of the victim’s alleged recantation of her testimony in Petitioner’s appeal and upheld the trial court’s decision to deny the Motion for New Trial. Additionally, the Third Circuit considered as part of Petitioner’s appeal whether the evidence presented at trial was sufficient for a reasonable trier of fact to find Petitioner guilty of aggravated rape. Therefore, even if Petitioner could apply the AEDPA exception to the time limitations for his application for post-conviction relief, he has not met the requirements as stated in Isaac and McQuidden for such an application.
Based on all of the above, this Court finds that the claims raised by Petitioner in this application for post-conviction relief have been considered and ruled upon numerous times by numerous courts, both state and federal. In addition the time provided for Petitioner to file an application for post-conviction relief has expired.
, This application for post-conviction relief is denied and dismissed.
SIGNED in New Iberia, Parish of Iberia, State of Louisiana on the 20. .day of October, 2014.
/s/ Gerard B. Wattigny JUDGE GERALD B. WATTIGNY 16™ JUDICIAL DISTRICT COURT